UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CONNIE THOMPSON, | |
| Plaintiff, | 2:05-cv-00574 JWS |
| vs. | ORDER AND OPINION |
| STATE OF ARIZONA; VICTORIA J. MARTIN; and JOHN DOE MARTIN, | [Re: Motion at Docket 95] |
| Defendants. | |
| VICTORIA J. MARTIN, | |
| Counterclaimant, | |
| vs. | |
| CONNIE THOMPSON, | |
| Counterdefendant. | |
| VICTORIA J. MARTIN, | |
| Cross-claimant, | |
| vs. | |
| STATE OF ARIZONA, | |
| Cross-defendant. | |

| | |
|---|---|
| VICTORIA J. MARTIN, | ) |
| | ) |
| Third-party plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARK THOMPSON; | ) |
| MICHELLE DONAHUE; KEN KIDDER; | ) |
| BONNIE WOOD; PATRICK NUGENT; | ) |
| MICHAEL CALDERONE; and | ) |
| GLORIA ANN RIOS, | ) |
| | ) |
| Third-party defendants. | ) |
| | ) |

## I.  MOTION PRESENTED

At docket 95, Connie Thompson moves for leave to file a second amended complaint.  At docket 99, Victoria J. Martin opposes the motion at docket 95.  At docket 100, the State of Arizona joins in Martin's opposition.  At docket 105, Thompson has filed a reply in support of the motion.  Additional briefs have been filed at docket numbers 118 and 125, but they will not be considered.[1]  Oral argument has not been requested and would not assist the court.

## II.  BACKGROUND

This lawsuit has roots in a conflict between Thompson and Martin that developed when they served together on the State of Arizona's Board of Examiners of Nursing Care Institution Administrators and Assisted Living Facility Managers ("Board").  Their relationship eventually resulted in Thompson's former attorneys sending a "notice of

---

[1]*See* D. Ariz. L. R. 7.2(b)-(d) (providing for only opening motion, response, and reply).

claim" on her behalf to the Board and the Arizona Attorney General.[2]  In the notice, they set forth a chronology of events and listed seven "legal claims" on which Thompson intended to hold Martin and the Board liable.[3]  Those claims were denied,[4] and Thompson filed a complaint in this court.  Now, she proposes to add two claims to her complaint.  Those claims, and a third that already is in her complaint, were not expressly included in the notice of claim.

### III.  DISCUSSION

Martin and Arizona oppose the addition of claims for intentional interference with contractual relations and wrongful termination on the ground those claims would be futile.  They contend those claims' factual bases were not included in Thompson's notice of claim and argue the claims would be barred as untimely under Arizona Revised Statute § 12-821.01(A), which provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.  The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed.  The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

---

[2]Doc. 99, ex. 1.

[3]*Id.*, ex. 1, pp. 6-8.

[4]Doc. 105, p. 2.

Neither the legislature nor the courts of Arizona have defined the word "claim," but that state's courts have announced the claim statute's purposes, which include "allow[ing] the public entity to investigate and assess liability."[5]

The portions of Thompson's notice of claim that she quotes in her reply were adequate to allow Martin and Arizona to investigate their potential liability regarding the claims Thompson now seeks to plead. Martin's contention to the contrary is not persuasive. She points out the notice did not assert that Thompson was a state employee, but even the most cursory investigation would have led to the discovery of Thompson's employment status. Martin also argues the notice did not state facts indicating that Thompson suffered from harassment, but the parade of horribles it detailed fairly and easily could have been construed as harassment.

Martin and Arizona also object to Thompson's claim under Arizona Revised Statute § 38-532. That claim was included in an earlier version of Thompson's complaint[6] and is not the subject of Thompson's motion for leave to amend her complaint. Thus, Martin and Arizona's opposition to that motion is not the place to object to Thompson's claim under Section 38-532. That claim already is in her complaint, and if Martin and Arizona wish to see it dismissed, they may file a motion to dismiss it.

---

[5]*Martineau v. Maricopa County*, 86 P.3d 912, 915 (Ariz. App. 2004) (citing *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. App. 1996)).

[6]Doc. 42, count five, pp. 9-11.

## **IV.  CONCLUSION**

For the reasons set out above, the motion at docket 95 is **GRANTED**.

DATED at Anchorage, Alaska, this 17th day of August 2006.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE